**COLLINWOOD SLOVENIAN HOME CO., Appellant, v. BOARD OF LIQUOR CONTROL, Appellee.**

Common Pleas Court, Franklin County.

No. 193069.  Decided November 13, 1956.

John T. Feighan, Jr., Cleveland, for appellant.

C. William O'Neill, Atty. Genl., S. Noel Melvin, Asst. Atty. Genl., Columbus, for appellee.

## OPINION

By BARTLETT, J.

THE ORDER OF THE BOARD OF LIQUOR CONTROL (SUSPENDING APPELLANT'S D-1 AND D-2 PERMITS), IS REVERSED AND THE APPEAL THEREFROM SUSTAINED.

This is an appeal from an order of the Board of Liquor Control under §119.12 R. C., wherein said Board suspended appellant's D-1 and D-2 permits, based on a Sunday sale of 2 bottles of malt beverage in excess of 3.2 of alcohol by weight, to-wit: beer, upon the permit premises.

The two witnesses were Cleveland police officers. One of them ordered a bottle of bock beer, but the bar tender, said "I can't serve you that. This is Sunday." The officer said "Well give me a glass of beer then."

Both officers testified that a patron later ordered 2 bottles of beer, paying 40c for them; and that the 2 bottles of beer were confiscated by them. There is no testimony by the officers as to what they did with the two bottles of beer after they left the permit premises.

This raid took place March 20, 1955; and a purported affidavit marked Ex. C was offered in evidence by the department, stating the specimens (2 bottles of beer) were received from the Cleveland police department, April 1, 1955; and the affidavit is by Walter H. Doring, identified solely as "Chief Chemist," who gives his alleged analysis of the specimens.

Sec. 119.12 R. C., provides "The hearing in the Court of Common Pleas shall proceed as in the trial of a civil action, and the court shall determine the rights of the parties in accordance with the laws applicable to such action."

Surely, if such proceeding is worthy of being designated as, "the trial of a civil action," the witnesses should have traced the specimens to the place and person, who made the alleged analysis; and some showing made as to the identity and qualifications of the person purporting to have made the alleged analysis.

Moreover, only such an affidavit was offered as to the chemical analysis of the specimens.

The fact the permit holder was not present, made it all the more the duty of the Board, as well as this Court, to see that proper proof was adduced.

"The function of affidavits as evidence is limited; * * * but at the trial of the cause the adverse party has the right to cross-examine witnesses as to the facts in issue to which they testify, and affidavits are not admissible to prove those facts. In other words, an issue upon which the right of a plaintiff would depend for the purpose of obtaining a

judgment against the defendant cannot be tried upon ex parte affidavits," 2 O. Jur. (2d), Affidavits, Sec. 17. Use as evidence, p. 23.

If an affidavit is not proper evidence as to facts in issue at a trial, certainly an affidavit by a person as to the chemical analysis of the specimens submitted in the instant case, cannot be accepted as reliable and trustworthy, where such person making the affidavit is not identified and his qualifications as such, are not established by evidence.

Consequently, the court on consideration of the entire record, fails to find that the order of the Board is supported by reliable, probative and substantial evidence and in accordance with law; and, therefore, reverses said order and affirms the appeal therefrom.